# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. CV 19-07929-DOC (JDEx)          Date: December 30, 2019

Title: PASSPORT 420, LLC ET AL v. STARR INDEMNITY AND LIABILITY COMPANY ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman/Rolls Royce Paschal | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [22]**

Before the Court is William Parish ("Parrish"), Spring Creek Research, LLC ("SCR"), and Passport 420, LLC ("Passport" and collectively, "Plaintiffs") Motion to Remand ("Motion") (Dkt. 22). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **GRANTS** Plaintiffs' Motion.

## I. Background

### A. Facts

The Court adopts the facts as set out in Plaintiffs' Complaint ("Compl.") (Dkt. 1-1). This is an action regarding losses resulting from the government seizure of an aircraft owned and operated by the Plaintiffs. Compl. ¶ 1. In June 2016, Parrish contemplated the joint purchase of an aircraft with his attorney Defendant Michael Avenatti ("Avenatti"). *Id*. ¶ 15. In July 2016, Parrish and Avenatti formed Passport and entered into an agreement to purchase an aircraft. *Id*. ¶ 16. At the time Passport was formed, Avenatti

was the formal "manager" of the LLC. *Id.* ¶ 18. However, by the Summer of 2018, Parrish assumed the role of manager. *Id.*

Defendant Starr Indemnity & Liability Company ("Starr") sold an insurance policy (the "policy") to Plaintiff Passport. *Id.* ¶ 19. Passport is the "named insured" on the policy. However, the policy further defines as an insured "any director, officer, partner, employee or stockholder of the **Named Insured** while that person is acting within their official capacity as such." Declaration of Robert W. Clark ("Clark Decl.") (Dkt. 26-3), Exh. 2 at 37. Thus, Parrish and Plaintiff SCR argue they are insureds under the policy. Compl. ¶ 20.

On April 10, 2019, the federal government seized the aircraft at issue in this case. *Id.* ¶ 21. Subsequently, Plaintiffs submitted a claim to Starr. However, Starr has not provided coverage to date. *Id.* ¶ 22. Instead, Starr "asserts that coverage may be limited by the conduct of Mr. Avenatti in connection to the pending criminal charges against him in the Central District of California." *Id.* Plaintiffs bring claims for Breach of Contract against Starr, Breach of the Covenant of Good Faith and Fair Dealing against Starr, and Declaratory Relief against Starr, Avenatti, and Avenatti and Associates (collectively, "Defendants"). *Id.* ¶¶ 24–35.

### B. Procedural History

On September 11, 2019, Defendant Starr removed the case to this Court based on diversity jurisdiction. *See* Not. of Removal. On October 11, 2019, Plaintiff filed the instant Motion. On November 4, 2019, Defendant Starr opposed ("Opp'n") (Dkt. 26) and on November 27, 2019, Plaintiff replied ("Reply") (Dkt. 31).

## II. Legal Standard

A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a).

However, this Court "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute,'" and "will ignore the citizenship of 'nominal or formal parties who have no interest in the action.'" *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 873 (9th Cir. 2000). Overall, "[i]f the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). The "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007).

## III.　Discussion

The threshold issue in this case is whether the Court has subject matter jurisdiction. Defendant Starr removed the action to this Court, arguing that non-diverse Defendants Avenatti and Avenatti and Associates APC (the "Avenatti Defendants") should be realigned as Plaintiffs. *See* Not. of Rem. at 3–8. The parties do not dispute that both Plaintiff Parrish and the Avenatti Defendants are citizens of California, which facially defeats diversity jurisdiction. *See id*. at 4–5. However, according to Defendant Starr, the Avenatti Defendants have been "misaligned as Defendants." *Id*. at 5. Instead, the interests of the Avenatti Defendants are aligned with Plaintiffs' interests. *Id*. Plaintiffs bring this Motion, arguing that their interests are not identical (and do not align) to the Avenatti Defendants' interests. Mot. at 2. Therefore, realignment is improper and there is no diversity jurisdiction.

### A.　Whether Plaintiffs' Interests are Aligned with the Avenatti Defendants

Plaintiffs argue that their interests "collide rather than coincide with the interests of the Avenatti Defendants." Mot. at 7. First, Plaintiffs argue that the principal purpose of this suit is to recover losses suffered when the plane at issue was seized by the United States, and Plaintiffs contend that only Plaintiffs would be entitled to any insurance proceeds not the Avenatti Defendants. *Id*. Second, in the event coverage is not recoverable, Plaintiffs seek a declaration of rights against the Avenatti Defendants including an answer to whether the Avenatti Defendants have a "duty to pay Plaintiffs for any loss resulting from repossession of the plane." *Id*. at 8. Thus, Plaintiffs are arguing (i) that they have a right to proceeds at the exclusion of the Avenatti Defendants or (ii) in the alternative, the Avenatti Defendants are "legally responsible for the harms Plaintiffs have suffered" for the loss of the aircraft. *Id*.

Starr argues that the only party that may recover under the policy is Passport and not Parrish as an individual. Opp'n at 1. Further, the citizenship of Passport and Starr are different and complete diversity exists. *Id*. at 8. Next, Starr argues that Parrish is attempting to avoid creditors of Passport by claiming the insurance be paid to him individually. *Id*. Finally, Starr argues that the primary matter in dispute is whether coverage exists for loss of the aircraft. *Id*. at 13. For that dispute, both Parrish and the Avenatti Defendants have identical interests. *Id*. Indeed, because all payments would flow through Passport, and Passport is jointly owned by Parrish and the Avenatti Defendants, Starr argues that Parrish and Avenatti are more properly aligned as plaintiffs. Starr also brings up other arguments regarding how to interpret the insurance policy, how the aircraft is jointly owned by Parrish and Avenatti, and that any disputes between Parrish and the Avenatti Defendants regarding indemnity are "speculative" and not properly alleged. *See* Mot. at 14-24.

In Reply, Parrish argues that this lawsuit is not simply a "coverage lawsuit." Reply at 1. Instead, the action is one for reimbursement resolved by state law on theories plead in the alternative. *Id*. First, Parrish seeks contractual reimbursement from Starr. *Id*. Alternatively, if no coverage is available, Parrish seeks reimbursement under tort or other equitable theories from the Avenatti Defendants if their conduct lead to loss of the plane and insurance proceeds. *Id*. Thus, Plaintiffs are adverse to both Starr and the Avenatti Defendants on these separate theories of liability. Next, Plaintiffs argue that Parrish is not claiming insurance proceeds for himself individually but filed the claim as the acting manager of Passport. *Id*. at 3–5. Finally, Plaintiffs argue that Starr's contention that the alternative claim is not sufficiently alleged is of no matter because the law, in their view, mandates resolving ambiguous or technically defective pleading in favor of remand. *Id*. at 2, 7–9.

Here, Plaintiffs have correctly aligned the Avenatti Defendants as defendants in this action, as Plaintiffs' interests do not coincide with the Avenatti Defendants for the primary purpose of this suit: whether Plaintiffs are entitled to insurance proceeds from Starr, or instead whether Plaintiffs are entitled to reimbursement from the Avenatti Defendants. Starr is incorrect that the primary purpose of the dispute is simply whether coverage exists for the loss of the aircraft. The plaintiff is master of his complaint. Here, Plaintiffs have decided to plead theories in the alternative. Under one such theory, if there is no coverage provided by Starr, Parrish pleads that the Avenatti Defendants may have to reimburse for the loss of the aircraft. Thus, the Avenatti Defendants are properly aligned as adverse to Plaintiffs. The Court also finds that these pleadings are not "sham"

pleadings. Indeed, Plaintiffs filed this identical action in state court and did not try to amend the action after removal to federal court to defeat diversity jurisdiction. It makes no difference whether Starr believes that "[a]ny dispute between the Parrish Parties and the Avenatti Parties over breach and enforcement of the Operating Agreement is a separate matter from the coverage claim being advanced in the Complaint." Opp'n at 24. At this stage, to determine whether diversity jurisdiction exists, Plaintiffs have properly asserted two alternative theories where both Starr and the Avenatti Defendants are adverse to the Plaintiffs. Therefore, no diversity jurisdiction exists, and this Court has no jurisdiction over this matter.

## IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this action to the Superior Court of the State of California, County of Santa Barbara.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                            Initials of Deputy Clerk: djl/rrp

CIVIL-GEN